UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5415 PA (AGRx) | Date | December 6, 2023 |
|---|---|---|---|
| Title | Nnenna Iheaka, et al. v. United States of America, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Lynnie Fahey | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   In Chambers --- Court Order

    Plaintiffs Nnenna Iheaka and minor N.I. (collectively "Plaintiffs"), who are represented by counsel, commenced this action against the United States on July 6, 2023, arising out of an automobile accident involving a vehicle in which Plaintiffs were traveling and a United States Postal Service truck.  On October 11, 2023, the Court ordered Plaintiffs to show cause in writing why this action should not be dismissed for lack of prosecution because they had not filed proofs of service within the 90-day deadline of Federal Rule of Civil Procedure 4(m).  On October 17, 2023, Plaintiffs' counsel filed a Declaration in response to the Court's Order to Show Cause in which he attached proofs of service showing that he mailed the Summons and Complaint through certified mail with a "Notice and Acknowledgment of Receipt of Summons and Complaint" on the Postal Service, Attorney General, and the Civil Process Clerk of the United States Attorney on October 13, 2023, after the Court issued its Order to Show Cause and after the expiration of Rule 4(m)'s 90-day deadline.

    In reviewing Plaintiffs' counsel's response to the Order to Show Cause, the Court, in an October 19, 2023 Minute Order, noted that because Rule 4(i) allows for service by sending the Summons and Complaint by registered or certified mail, it is unclear why Plaintiffs' counsel mailed to defendant a Notice and Acknowledgment of Receipt of Summons and Complaint. Despite Plaintiffs' counsel's failure to timely and properly serve defendant within Rule 4(m)'s deadline, the Court extended the deadline for Plaintiffs to properly serve defendant to October 30, 2023.  The Court ordered Plaintiffs to file by that date proofs of service establishing that they have served defendant as required by Rule 4(i) in such a manner that the Court can calculate the date on which defendant's response to the Summons and Complaint must be filed.  The Court warned Plaintiffs that the failure to validly and timely complete service on defendant and to file the required proofs of service by October 30, 2023, could, without further warning, result in the dismissal of this action for failure to comply with Rule 4(m).

    Plaintiffs did not timely respond to the Court's October 19, 2023 Minute Order.  The Court, on November 2, 2023, after not receiving a response from Plaintiffs, issued a second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5415 PA (AGRx) | Date | December 6, 2023 |
|---|---|---|---|
| Title | Nnenna Iheaka, et al. v. United States of America, et al. | | |

Order to Show Cause why the action should not be dismissed for failure to comply with the Court's October 19, 2023 Minute Order. The Court warned Plaintiffs that the failure to timely and adequately respond would result in the dismissal of the action. Plaintiffs filed two additional Notices of Acknowledgment of Service on November 7, 2023, and a second Declaration from Plaintiffs' counsel. After receiving the Notices of Acknowledgment of Service and the second Declaration from Plaintiffs' counsel, the Court, in a November 9, 2023 Minute Order, explained that like the earlier filing of Notices of Acknowledgment of Service, the new Notices of Acknowledgment of Service were inadequate because they do not require defendant to accept, service and could trigger the necessity of having to re-serve defendant as required by Rule 4(i) by registered or certified mail so that defendant, Plaintiffs, and the Court could calculate the deadline by which defendant must appear in the action. The Court additionally noted that because the Notices and Acknowledgments of Service were not signed, it did not appear that defendant has acknowledged receipt. Moreover, the Notices and Acknowledgments of Service filed on November 7, 2023, did not establish service on the Civil Process Clerk of the United States Attorney.

The Court's November 9, 2023 Minute Order therefore concluded that Plaintiffs had still not properly responded to the Court's October 19, 2023 Minute Order. The Court again extended the deadline to comply with the October 19, 2023 Minute Order to November 17, 2023. The Court ordered Plaintiffs to file proofs of service (using Form POS-010 or otherwise) by November 17, 2023, establishing the date on which Plaintiffs served defendant, the Attorney General, and the Civil Process Clerk of the United States Attorney with the Summons and Complaint as required by Federal Rule of Civil Procedure 4(i). The Court warned Plaintiffs that failure to timely and adequately comply with the November 9, 2023 Minute Order would result in the dismissal of this action without further warning. To date, despite the expiration of their deadline to do so, Plaintiffs have not responded to the Court's November 9, 2023 Minute Order and have not filed proofs of service from which the Court could calculate the deadline for defendant to appear in this action.

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the Complaint. Here, Plaintiffs filed this action on July 6, 2023. By the time the Court issued its Order to Show Cause on October 11, 2023, Rule 4(m)'s 90-day period had already expired and Plaintiffs had not filed a proof of service or requested additional time to do so. The Court has, since that time, repeatedly explained to Plaintiffs, who are represented by counsel, the reasons why their subsequent responses have been inadequate, the requirements for service of the Summons and Complaint, and provided multiple extensions of time for Plaintiffs to properly serve defendant. Nevertheless, Plaintiffs have still not filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5415 PA (AGRx) | Date | December 6, 2023 |
|---|---|---|---|
| Title | Nnenna Iheaka, et al. v. United States of America, et al. | | |

adequate proof of service or responded to the Court's most recent November 9, 2023 Minute Order. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

By failing to serve defendant within the additional time provided by the Court, or to provide an additional Response to the Order to Show Cause, as required by the November 9, 2023 Minute Order, Plaintiffs have not established "good cause" for a further extension of time for Plaintiffs to serve defendant. Plaintiffs' action is therefore dismissed under Rule 4(m) without prejudice as a result of Plaintiffs' failure to timely serve defendant or establish good cause for that failure.

Grounds also exist to dismiss Plaintiffs' action against defendant for failure to diligently prosecute. A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5415 PA (AGRx) | Date | December 6, 2023 |
|---|---|---|---|
| Title | Nnenna Iheaka, et al. v. United States of America, et al. | | |

    Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing defendant.  See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

    The third Henderson factor at least marginally favors dismissal.  While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978).  Here, as discussed above, Plaintiffs have not timely served defendant.  Nor has Plaintiff adequately explained Plaintiffs' failure to do so.  See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

    The fourth and fifth Henderson factors also favor defendant's dismissal.  By requiring Plaintiffs to explain why this action should not be dismissed for lack of prosecution, and allowing Plaintiff to satisfy the Order to Show Cause simply by filing a proof of service, Plaintiffs were on notice that the failure to adequately respond to the Order to Show Cause could result in the dismissal of the action.  Despite this notice, Plaintiffs have failed to comply with the Court's orders or to demonstrate either that Plaintiffs' efforts to serve defendant or to otherwise prosecute Plaintiffs' claim against defendant show diligence.  Additionally, the Court is adopting the "less-drastic" sanction of dismissal of the action without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, the Henderson factors weigh in favor of dismissing defendants.

    Accordingly, pursuant to Rule 4(m) and as a result of Plaintiffs' failure to diligently prosecute and comply with the Court's orders, this action is dismissed without prejudice.  See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.  The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.